**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4274**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERICK EDUARDO TURCIOS-LAZO, a/k/a Erick E. Turios-Lazo, a/k/a Eric Turcios-Lazo,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:08-cr-00216-DKC-1)

Submitted: December 20, 2019                         Decided: January 17, 2020

Before NIEMEYER, FLOYD, and QUATTLEBAUM, Circuit Judges

Affirmed by unpublished per curiam opinion.

Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant. Jonathan Scott Tsuei, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erick Eduardo Turcios-Lazo pled guilty, pursuant to a plea agreement, to illegal reentry into the United States by a previously deported aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced to 48 months in prison. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating that he has identified no meritorious issues for appeal but discussing the constitutionality and reasonableness of Turcios-Lazo's sentence, whether ineffective assistance of counsel conclusively appears on the record, and whether Turcios-Lazo conceded all of the elements of the offense to which he pled guilty. Turcios-Lazo has not filed a pro se supplemental brief despite receiving notice of his right to do so, and the Government has declined to file a response brief. We affirm.

First, counsel correctly concedes that Turcios-Lazo cannot raise a meritorious claim under *United States v. Mastrapa*, 509 F.3d 652, 656-61 (4th Cir. 2007) (vacating conviction because defendant protested having the requisite mens rea for the crime to which he was pleading guilty and, thus, there was an insufficient factual basis for guilty plea). Turcios-Lazo did not challenge the Fed. R. Crim. P. 11 proceedings in the district court and, thus, we review any such challenge for plain error. *See United States v. Martinez*, 277 F.3d 517, 524-27 (4th Cir. 2002). Because Turcios-Lazo admitted to the factual basis supporting the crime to which he was pleading guilty, we discern no error, let alone plain error, in the district court's decision to accept Turcios-Lazo's guilty plea.

Next, we review Turcios-Lazo's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).

2

This review requires consideration of both the procedural and substantive reasonableness of the sentence. *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 111-12. After determining that the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances[.]" *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record reveals no procedural or substantive errors. The district court accurately calculated Turcios-Lazo's Guidelines range, afforded the parties an opportunity to argue regarding an appropriate sentence and gave Turcios-Lazo the opportunity to allocute, imposed a within-Guidelines range sentence, and thoroughly explained the reasons for the imposed sentence and why the court rejected counsel's argument for a below-Guidelines range sentence. We therefore conclude that Turcios-Lazo fails to rebut the presumption of reasonableness we afford his sentence.[*]

As to counsel's discussion regarding ineffective assistance of counsel, counsel correctly recognizes that we do not consider ineffective assistance claims on direct appeal

---

[*] We agree with counsel that neither *Johnson v. United States*, 135 S. Ct. 2551 (2015), nor *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), rendered Turcios-Lazo's sentence unconstitutional.

"[u]nless an attorney's ineffectiveness conclusively appears on the face of the record[.]" *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Indeed, a defense attorney should be given an opportunity to address the reasons for his or her action or inaction, and the record should be more fully developed, before addressing this issue. *See United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). Our review of the record identified no conclusive evidence of ineffective assistance. Thus, any ineffective assistance claim Turcios-Lazo perceives "should be raised, if at all, in a 28 U.S.C. § 2255 [(2012)] motion." *Faulls*, 821 F.3d at 508. We express no opinion regarding the merits of any possible ineffective assistance claims.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Turcios-Lazo, in writing, of his right to petition the Supreme Court of the United States for further review. If Turcios-Lazo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Turcios-Lazo. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*